| | |
|---|---|
| 1 | **JOHNSON & JOHNSON LLP** |
| 2 | Neville L. Johnson (SBN 66329)<br>James T. Ryan (SBN 210515) |
| 3 | Jennifer J. McGrath (SBN 211388)<br>439 North Canon Drive, Suite 200 |
| 4 | Beverly Hills, California 90210<br>Telephone: (310) 975-1080 |
| 5 | Facsimile: (310) 975-1095 |
| 6 | Email: njohnson@jjllplaw.com<br>jryan@jjllplaw.com |
| 7 | jmcgrath@jjllplaw.com |
| 8 | Attorneys for Plaintiff, |
| 9 | HIT BOUND MUSIC, LTD. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **HIT BOUND MUSIC, LTD.**, a Canadian Corporation<br><br>  Plaintiff,<br><br>  v.<br><br>**BBC FILMS**, a British corporation;<br>**LE PREMIER PRODUCTIONS, INC.**, a New York corporation;<br>**COHEN MEDIA GROUP, LLC**, a New York limited liability company;<br>**FULLDAWA FILMS, LLC**, a California limited liability company;<br>and DOES 1-10, inclusive<br><br>  Defendants. | Case No.: 2:16-cv-07125<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff HIT BOUND MUSIC, LTD., demanding trial by jury, complains and alleges as follows:

## I.
## JURISDICTION AND VENUE

1. Plaintiff's Claim for Relief arises under the Copyright Laws of the United States, as amended (17 U.S.C. § 101 et seq.). The Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. §§ 1338 and 1331. Specifically, the Court has federal question jurisdiction in this matter, in that Plaintiff seeks injunctive relief and damages against the Defendants named herein under Sections §§ 501, 502, 503, 504, and 505 of the Copyright Act of 1976 (17 U.S.C. §§ 501-505).

2. This Court has personal jurisdiction over each of Defendants because each resides in, is domiciled in, and/or does systematic and continuous business in this judicial district, the various acts complained of herein occurred in this judicial district, and/or Defendants have caused injury to Plaintiff and to Plaintiff's intellectual property in this judicial district.

3. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(a) because Defendants have committed acts of infringement in this judicial district, Plaintiff resides in this district, and Defendant Fulldawa Films, LLC resides in this district.

## II.
## THE PARTIES

### Plaintiff

4. Plaintiff Hit Bound Music, Ltd. ("Hit Bound") is a Canadian corporation which has done business throughout the United States and in this judicial district. For many years, Plaintiff has been and is engaged in the business music publishing.

5. This matter involves the unauthorized exploitation by Defendants of the musical compositions "*I'm Not Impressed*," "*Giselle*," and *"(It's Not Exactly a Sonata) for Renata"* ("the Compositions"). Plaintiff is, and at all relevant times described herein, has been the copyright owner, or assignee of exclusive rights, under United States copyright law with respect to the Compositions, each of which has been duly registered with the Copyright Office. Plaintiff is the successor-in-interest to composer Paul Mehling ("Mehling"), who authored the Compositions, and has acquired all of Mehling's rights in and to the Compositions pursuant to two assignment agreements, described below.

**Defendants**

6. Plaintiff is informed and believes, and on that basis alleges, that Defendant BBC Films ("BBC") is a film production company incorporated in London, United Kingdom, which at all times herein was regularly doing business throughout the United States and in this judicial district, and whose principal place of business is located at BBC Broadcasting House, Portland Place, Marylebone, London, W1A 1AA. On information and belief, BBC is a producer of the film *My Old Lady* ("the Film"), which contains infringing uses of the musical compositions of the Compositions.

7. Plaintiff is informed and believes, and on that basis alleges, that Defendant Le Premier Productions, Inc. ("Premier") is a film production company incorporated in New York, which at all times herein was regularly doing business throughout the United States and in this judicial district. On information and belief, Premier is a producer of the Film, which contains infringing uses of the Compositions.

8. Plaintiff is informed and believes, and on that basis alleges, that Defendant Cohen Media Group, LLC ("CMG"), is a New York limited liability company, engaged in the business of film production, with its principal place of

3
COMPLAINT

business being 750 Lexington Ave., 5th Floor, New York, NY 10022. On information and belief, CMG regularly conducts business in this judicial district, and it has its second office in Los Angeles County. On information and belief, CMG is a producer of the Film, which contains infringing uses of the musical compositions of the Compositions.

9. Plaintiff is informed and believes, and on that basis alleges, that Defendant Fulldawa Films, LLC ("Fulldawa") is engaged in the business of film production, and is incorporated under the laws of the California and regularly conducts business in this judicial district. On information and belief, Fulldawa is a producer of the Film, which contains infringing uses of the Compositions.

10. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as Does 1 through 10 are unknown to Plaintiff, who therefore sues said defendants by such fictitious names (the "Doe Defendants"). On information and belief, each of the Doe Defendants is liable to Plaintiff as a result of said Doe Defendant's participation in all or some of the acts hereinafter set forth, is responsible in some manner for the occurrences herein alleged, and Plaintiff's damages as herein alleged were proximately caused by the acts or omissions of said Doe Defendants. Plaintiff will seek leave of Court to amend this complaint to state the true names and capacities of the Doe Defendants when they have been ascertained. The defendants specifically named in the caption set forth herein above and the Doe Defendants are referred to collectively herein as "Defendants."

11. On information and belief, at all times relevant to this complaint, each of the Defendants was the agent, representative, employee, servant, partner, joint venture and/or alter ego of each of the other Defendants and, in doing the things alleged in this complaint, was acting within the course and scope of such agency, representative capacity, employment, business relationship and/or alter ego

relationship, with the knowledge and consent of the other Defendants, and each is liable to Plaintiff in connection with the claim sued upon herein and are responsible in some manner for the wrongful acts and conduct alleged herein.

### III.
### FACTUAL ALLEGATIONS

12. On or about March 22, 2000 and September 23, 2002, Plaintiff entered into publishing agreements with composer Paul Mehling by which Mehling irrevocably assigned to Plaintiff a 100% interest in and to any and all right, title, and interest in the copyrights for the musical compositions of the Compositions, among other musical works. Specifically, Mehling transferred all of his rights in *"I'm Not Impressed"* and *"Giselle"* to Plaintiff on or about March 22, 2000, and he transferred all of his rights in *"(It's Not Exactly a Sonata) for Renata"* to Plaintiff on September 23, 2002 (together, the March 22, 2000 and September 23, 2002 publishing agreements are referred to herein as "the Publishing Agreements").

13. In accordance with the Publishing Agreements, each of the Compositions was registered with the United States Copyright Office with Plaintiff as "Copyright Claimant." The musical composition for *"I'm Not Impressed"* bears Copyright Registration # PAu 2-501-720, with an effective date of September 11, 2000. The musical composition for *"Giselle"* bears Copyright Registration # PAu 2-501-716, with an effective date of September 11, 2000. The musical composition for *"(It's Not Exactly a Sonata) for Renata"* bears Copyright Registration # PA 1-231-119, with an effective date of July 9, 2004. Copies of the copyright registrations for each of the Compositions are attached hereto as **Exhibits A, B, and C**.

14. Among the exclusive rights granted to Plaintiff both expressly by the Publishing Agreements and by virtue of Plaintiff being the copyright owner, or assignee of exclusive rights, under United States copyright law with respect to the

Compositions, includes the right to grant licenses for the synchronization of the compositions, in whole or in part, with motion pictures, video discs, and any other audio-visual devices together with the right to publicly perform the Compositions which are contained in such audio-visual devices.

15. Within three years of the date this Complaint is filed, Defendants caused to be marketed and/or distributed to the public the film *My Old Lady* ("the Film"). On information and belief, the musical soundtrack contained in the Film includes the Compositions, i.e., "*I'm Not Impressed,*" "*Giselle,*" and "*(It's Not Exactly a Sonata) for Renata.*"

16. On information and belief, *My Old Lady* premiered theatrically at the Toronto Film Festival in Toronto, Ontario, Canada. On further information and belief, subsequent to its premiere, Defendants caused the Film to be publicly distributed in the U.S. and around the world, and it has been a critical and commercial success.

17. On information and belief, *My Old Lady* earned at least $8,651,792 at the box office and continues to earn additional revenues—including, on information and belief, through DVD sales and digital exploitation—which are accruing to Defendants.

18. Defendants did not negotiate, much less execute, any synchronization license or other agreement with Plaintiff authorizing their use of the Compositions in *My Old Lady*. Nonetheless, Defendants utilized the Compositions in the Film which resulted in widespread public screenings and commercial exploitation, including of the Compositions, which are featured in the Film.

19. Defendants' knowing and unauthorized exploitation of the Compositions in *My Old Lady* significantly enhanced the film as a commercial media property, and is a direct infringement of Plaintiff's copyrights in the Compositions.

20. On or about April 11, 2016, and again on or about June 1, 2016, Plaintiff sent notice to Defendants BBC Films, Cohen Media Group, LLC, and Fulldawa Films, LLC stating Plaintiff's claims asserted herein, and demanding these Defendants compensate Plaintiff for their prior and continued exploitation of the Compositions in the form of a licensing fee. Defendants BBC Films, Cohen Media Group, LLC, and Fulldawa Films, LLC have thus far refused to compensate Plaintiff for their infringing use.

## IV.

## CLAIM FOR RELIEF

## COPYRIGHT INFRINGEMENT

### (Against All Defendants)

21. Plaintiff realleges and incorporates herein by reference as if set forth at length each and all of the previous allegations set forth in Paragraphs 1 through 20, inclusive, herein above.

22. Through the conduct alleged herein, Defendants and each of them have directly infringed Plaintiff's copyrights in the musical Compositions for "*I'm Not Impressed*," "*Giselle*," and "*(Its Not Exactly a Sonata) for Renata*," including the public performance and other uses and exploitations thereof, without Plaintiff's consent, permission, authorization, or ratification, in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 et seq. and 501.

23. Each Defendant willfully, wantonly, and in conscious disregard and intentional disregard and indifference to the rights of Plaintiff, caused to be made and distributed in the United States, and aided, abetted, contributed to, and participated in the unauthorized making and distribution of the Film containing the copyrighted Compositions owned by Plaintiff. Each Defendant either knew, or should have reasonably known, that the Compositions were protected by copyright and that their use was unauthorized. Each Defendant continues to infringe upon

Plaintiff's rights in and to the copyrighted Compositions through continued exploitation of *My Old Lady*.

24. As a direct and proximate result of Defendants' infringements of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff has been damaged in an amount to be determined at trial. Plaintiff is entitled to recover Plaintiff's actual damages and Defendant's wrongfully obtained profits arising from or relating to the infringement of Plaintiff's copyrighted musical compositions for the Compositions, pursuant to 17 U.S.C. § 504.

25. Alternatively, Plaintiff seeks and is entitled to the maximum statutory damages as may be proper pursuant to 17 U.S.C. § 504(c).

26. Plaintiff seeks and is entitled to recover Plaintiff's costs of this action, including, without limitation, prejudgment interest, as well as reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

27. Defendants' infringing conduct is continuing and ongoing. Plaintiff has suffered, and will continue to suffer, irreparable injury for which there is no adequate remedy at law, unless Defendants are enjoined by the Court. Therefore, Plaintiff is entitled to injunctive relief prohibiting further infringements of Plaintiff's copyrights in the Compositions, i.e., "*I'm Not Impressed*," "*Giselle*," and "*(It's Not Exactly a Sonata) for Renata*."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendants, and each of them, as follows:

1. For damages in such amount as may be found, or as otherwise permitted by law, including without limitation Plaintiff's actual damages and recovery of Defendants' and each of their wrongfully gotten profits; or in the alternative, in Plaintiff's discretion and should Plaintiff so elect, statutory damages;

2. For an accounting of, and the imposition of a constructive trust with respect to, Defendants' revenues, benefits, and profits attributable to their infringements of Plaintiff's copyrights in the Compositions;

3. For a preliminary and permanent injunction prohibiting Defendants, and their respective agents, servants, employees, officers, successors, licensees, partners, attorneys, assigns, and partners, and all persons actively in concert or participation with each or any of them, from directly or indirectly infringing, and/or causing, enabling, facilitating, encouraging, promoting, inducing, and/or participating in the infringement of, any of Plaintiff's copyrights in Plaintiff's copyrighted musical compositions for "*I'm Not Impressed*," "*Giselle*," and "(*Its Not Exactly a Sonata) for Renata*;"

4. For prejudgment interest according to law;

5. For Plaintiff's attorney's fees, costs, and disbursements in this action; and

6. For such other and further relief in favor of Plaintiff as the Court may deem just and proper.

DATED: September 22, 2016                    JOHNSON & JOHNSON LLP

                                           By   /s/ Neville L. Johnson
                                                Neville L. Johnson
                                                Jennifer J. McGrath
                                                James T. Ryan
                                                Attorneys for Plaintiff,
                                                Hit Bound Music, Ltd.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury pursuant to the Federal Rules of Civil Procedure, Rule 38(b) (28 U.S.C. § 38), and Local Rule 38-1.

DATED: September 22, 2016             JOHNSON & JOHNSON LLP

                                      By  /s/ Neville L. Johnson
                                          Neville L. Johnson
                                          Jennifer J. McGrath
                                          James T. Ryan
                                          Attorneys for Plaintiff,
                                          Hit Bound Music, Ltd.